UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | No. 24-206 |
| JOHNNY WELLS | SECTION I |

## ORDER AND REASONS

Before the Court is a motion[1] to dismiss the indictment filed by defendant Johnny Wells ("defendant"). The government filed a response in opposition.[2] For the reasons set forth below, the Court denies the motion.

### I. BACKGROUND

Defendant has been charged in a one-count indictment,[3] which alleges that, on or about January 29, 2021, defendant, knowing that he had previously been convicted of multiple felonies, knowingly possessed a firearm in violation of 18 U.S.C. § 922(g)(1).[4] The indictment lists as predicate felony convictions a 2010 conviction in state court for armed robbery and a 2018 conviction in state court for aggravated flight from an officer.[5]

Defendant moves pursuant to Federal Rule of Criminal Procedure 12(b) to dismiss the indictment on three grounds.[6] First, defendant argues that § 922(g)(1) is unconstitutional pursuant to the Second Amendment both facially and as applied to

---

[1] R. Doc. No. 38.
[2] R. Doc. No. 41.
[3] R. Doc. No. 1.
[4] *Id.*
[5] *Id.*
[6] *See* R. Doc. No. 38-1.

himself.[7] Second, defendant argues that 922(g)(1) exceeds Congress's authority pursuant to the Commerce Clause.[8] Third, defendant argues that § 922(g)(1) is unconstitutionally vague pursuant to the Due Process Clause of the Fifth Amendment.[9]

## II. LAW AND ANALYSIS

Federal Rule of Criminal Procedure 12(b)(1) allows a defendant to "raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Defendant raises three constitutional defenses in the instant motion. Each fail.

As defendant recognizes, his challenges pursuant to the Second Amendment have been foreclosed.[10] With respect to defendant's facial challenge, the Fifth Circuit has held that § 922(g)(1) is not facially unconstitutional. *See United States v. Diaz*, 116 F.4th 458, 471 (5th Cir. 2024), *cert. denied*, No. 24-6625, 2025 WL 1727419 (U.S. June 23, 2025). Likewise, the Fifth Circuit has rejected as-applied challenges to § 922(g)(1) by defendants who have been convicted of theft-related crimes, such as robbery. *See United States v. Schnur*, 132 F.4th 863, 870 (5th Cir. 2025).

As defendant also recognizes, his challenge based on the Commerce Clause is also foreclosed.[11] With respect to the Commerce Clause, the Fifth Circuit "has

---

[7] *Id.* at 2–3.
[8] *Id.* at 3.
[9] *Id.* at 3–9.
[10] *Id.* at 2–3.
[11] *Id.* at 3.

repeatedly emphasized that the constitutionality of § 922(g)(1) is not open to question." *United States v. De Leon*, 170 F.3d 494, 499 (5th Cir. 1999).

While not foreclosed, defendant's third argument based on the void-for-vagueness doctrine fails. Pursuant to that doctrine, "[a] conviction or punishment fails to comply with due process if the statute or regulation under which it is obtained fails to provide a person of ordinary intelligence fair notice of what is prohibited, or is so standardless that it authorizes or encourages seriously discriminatory enforcement." *United States v. Branson*, 139 F.4th 475, 478 (5th Cir. 2025) (internal quotation marks and citation omitted). "Vagueness challenges to statutes which do not involve First Amendment freedoms must be examined in the light of the facts of the case at hand." *Id.* (internal quotation marks and citation omitted). Accordingly, as a threshold matter, a defendant must show that the statute is vague as applied to his own case. *See id.*; *Vill. of Hoffman Ests. v. Flipside, Hoffman Ests., Inc.*, 455 U.S. 489, 495 (1982) ("A plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others.").

Defendant contends that § 922(g)(1) is unconstitutionally vague because of the Fifth Circuit's decision in *United States v. Diaz*, which requires the government to demonstrate that the application of § 922(g)(1) to a particular defendant is consistent with our Nation's history of firearm regulation given the defendant's criminal history.[12] *See* 116 F.4th at 467. Defendant's argument is essentially that, because of the as-applied approach announced in *Diaz*, "§ 922(g)(1) leaves ordinary people

---

[12] *See* R. Doc. No. 38-1, at 3–4.

uncertain as to what convictions for what crimes actually fall within the constitutional ambit of the statute and which persons are actually prohibited from possessing firearms."[13] Defendant's argument fails for several reasons.

First, at the time alleged in the indictment, the test announced in *Diaz* had not been announced. Accordingly, on the date that defendant knowingly possessed the firearm as charged in the indictment, § 922(g)(1) could not have been vague based on *Diaz*. Defendant's conviction of defendant pursuant to § 922(g)(1) would not violate Due Process because, at the time he allegedly committed the offense, the statute gave fair notice. *See Branson*, 139 F.4th at 478, 479 n.2 (holding that defendant's vagueness challenge premised on *Diaz* "necessarily fail[ed]" because the crime occurred before *Diaz* was issued).

Second, defendant's argument fails because, even pursuant to the approach announced in *Diaz*, it is clear that § 922(g)(1) may be applied to defendants with prior theft-related convictions consistently with the Second Amendment. *See id.* at 477; *Schnur*, 132 F.4th at 870 (collecting cases). Accordingly, § 922(g)(1) is not unconstitutionally vague in defendant's case given his criminal history. *Cf. United States v. Matthews*, No. 24-114, 2025 WL 105291, at *3 (E.D. La. Jan. 15, 2025) (Vance, J.) (recognizing that "[t]here is no authority holding Section 922(g)(1) void for vagueness in the context of a predicate robbery conviction" and denying defendant's vagueness challenge).

---

[13] *See id.* at 7 (cleaned up) (citation omitted).

Furthermore, it is clear that § 922(g)(1) may be applied to defendant consistently with the Second Amendment in light of Supreme Court precedent establishing that the government may disarm individuals who present a credible threat to the physical safety of others. *See Matthews*, 2025 WL 105291, at *4. Given defendant's prior conviction for armed robbery, there is no uncertainty that § 922(g)(1) may be constitutionally applied to defendant. *See id.* ("A person of ordinary intelligence, having been convicted of [simple robbery], would know that using force or intimidation to deprive a victim of his property constitutes a 'clear threat of physical violence to another' and puts him squarely in the crosshairs of Section 922(g)(1) if he thereafter possesses a firearm.").

Third, defendant's argument fails because it "misunderstand[s] the concept of vagueness." *See Branson*, 139 F.4th at 478. "The 'void-for-vagueness' doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *United States v. Gray*, 96 F.3d 769, 776 (5th Cir. 1996). Section 922(g)(1) satisfies this requirement. *See Branson*, 139 F.4th 475, 479 (5th Cir. 2025) ("Section 922(g)(1) survives vagueness review because it defines the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited." (cleaned up) (citation omitted)). Because the void-for-vagueness doctrine, outside of the First Amendment context, concerns whether a penal statute defines an offense with adequate clarity

rather than whether one constitutional provision or another precludes certain applications of a penal statute, defendant cannot prevail on his vagueness challenge.

### III. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that defendant's motion to dismiss the indictment is **DENIED**.

New Orleans, Louisiana, July 7, 2025.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**