## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**UNITED STATES OF AMERICA**                    **CRIMINAL ACTION**

**VERSUS**                                                        **No. 24-206**

**JOHNNY WELLS**                                              **SECTION I**

## <u>ORDER AND REASONS</u>

Before the Court is the government's motion[1] for reconsideration of this Court's order suppressing evidence in the above-captioned matter. Defendant Johnny Wells ("defendant") filed a response[2] in opposition. For the reasons that follow, the Court **DENIES** the government's motion for reconsideration.

## I.    BACKGROUND

After two rounds of briefing and two evidentiary hearings, this Court granted the motion to suppress filed by defendant, which sought suppression of a firearm seized from the residence at 3409 Pauger Street in New Orleans (the "residence").[3] The firearm was seized pursuant to a search warrant that this Court determined was invalid because it contained false statements and material omissions made with reckless disregard for the truth, and that the corrected warrant affidavit was insufficient to establish probable cause.[4] Based on these determinations and pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), the search warrant was voided

---

[1] R. Doc. No. 69.
[2] R. Doc. No. 71.
[3] *See* R. Doc. No. 64 (granting R. Doc. No. 36).
[4] *See generally id.*

1

and the firearm was suppressed.[5] A complete factual background is described in the Court's suppression order and reasons.[6]

The government filed its timely motion for reconsideration on October 28, 2025.[7] The government does not ask the Court to reconsider its *Franks* analysis,[8] nor does it seek to challenge the Court's underlying factual findings.[9] Instead, the government seeks reconsideration on the ground that "neither party discussed, and the Court did not consider, whether the gun would have been inevitably discovered."[10] For the first time in its motion for reconsideration,[11] the government asks this Court to apply the inevitable discovery exception to the exclusionary rule to deny defendant's motion to suppress.[12]

According to the government, the officers had "at least reasonable suspicion to stop" defendant once they observed him in a carjacked vehicle[13] and officers would have then learned that defendant had a criminal history.[14] Because they saw him bring the firearm into the residence, the officers would have had probable cause to "arrest him for being a felon in possession of a firearm" as well as probable cause "to

---

[5] *See id.* at 50 (quoting *United States v. Ortega*, 854 F.3d 818, 826 (5th Cir. 2017); *United States v. Kendrick*, 980 F.3d 432, 440 (5th Cir. 2020)).

[6] *See id.* at 1–14.

[7] *See* R. Doc. No. 69. *See United States v. Hoffman*, 70 F.4th 805, 810 (5th Cir. 2023) (finding timely "a motion for reconsideration in a criminal case filed within the original period in which an appeal is permitted").

[8] R. Doc. No. 69-1, at 2 n. 1.

[9] *See id.* at 5.

[10] *Id.* at 1.

[11] *Id.* at 2–3.

[12] *Id.* at 1.

[13] R. Doc. No. 69-1, at 3.

[14] *Id.*

obtain, and reasonably would have obtained, a search warrant for the Pauger residence to search for the gun as evidence of that offense."[15] The government argues that "it is reasonable to conclude" from the fact that the officers had applied for a search warrant that they would have applied for a search warrant based on these facts, and inevitably discovered the firearm, "had they known the original affidavit would have been found to be invalid."[16] The government asks the Court to find that the firearm would have been inevitably discovered "despite any insufficiencies with the search warrant affidavit'" identified by the Court in its prior order and reasons.[17] This will "correct a clear error of law or fact and prevent manifest injustice."[18]

Defendant, for his part, opposes the government's motion because it "transparently raises a new legal theory," which he argues is an improper subject for a motion for reconsideration.[19] According to defendant, motions for reconsideration are not vehicles for raising theories that the government had "ample opportunity to raise previously."[20] The theory of inevitable discovery is "a standard defense to suppression motions" and defendant argues that by not raising it until its motion for reconsideration, the government has waived the defense.[21] Defendant also points out that the government has made this exact waiver argument when opposing other defendants' motions for reconsideration; as defendant states: "[w]ith the shoe on the

---

[15] *Id.* at 3, 10.
[16] *Id.* at 3, 11.
[17] *See id.* at 4.
[18] *Id.*
[19] R. Doc. No. 71, at 4.
[20] *Id.*
[21] *See id.* at 5.

other foot, the government now offers no explanation for why it should be permitted to do what it expressly urged a criminal defendant could not: present a new legal theory in a purported motion to reconsider."[22]

While defendant urges the Court to deny the government's motion "on that ground alone,"[23] he also opposes the government's motion on the merits. He contends that the government's assertion that the officers "would have obtained a valid warrant" is both speculative and belied by facts in the record establishing that "officers *did not* take any steps to obtain a valid search warrant, despite knowing that the affidavit they submitted was invalid."[24] As explained herein, the Court agrees with defendant and **DENIES** the government's motion for reconsideration.

## II.    LEGAL STANDARDS

While a motion for reconsideration is "a judicial creation not derived from statutes or rules," it is a recognized and legitimate procedural device. *See United States v. Hoffman*, 70 F.4th 805, 810 (5th Cir. 2023); *United States v. Cook*, 670 F.2d 46, 48 (5th Cir. 1982) ("A motion for reconsideration in a criminal proceeding is a legitimate procedural device."). Indeed, "district courts possess continuing jurisdiction over criminal cases and are free to reconsider their earlier decisions." *United States v. Jefferson*, No. 19-174, 2022 WL 1001449, at *1 (E.D. La. Apr. 4, 2022) (Vance, J.); *United States v. Scott*, 524 F.2d 465, 467 (5th Cir. 1975) ("The district court had continuing jurisdiction over the [criminal] case and was free to reconsider

---

[22] *Id.* at 7.
[23] *Id.* at 4.
[24] R. Doc. No. 71, at 10 (internal quotations omitted) (emphasis in original).

its own earlier decision."). "These principles apply to suppression motions." *Jefferson*, 2022 WL 1001449, at *1; *United States v. Edwards*, No. 22-69, 2024 WL 1099291, at *1 (N.D. Miss. Mar. 13, 2024).

The purpose of a motion for reconsideration "is to allow a court to correct its own alleged error." *United States v. Barton*, No. 19-161, 2020 WL 32441, at *2 (E.D. La. Jan. 2, 2020) (Africk, J.) (quoting *United States v. Dieter*, 429 U.S. 6, 8 (1976)). To be sure, a "motion for reconsideration of a motion to suppress can be made on only three grounds: (1) an intervening change in controlling law that has occurred since the Court's earlier ruling; (2) evidence not previously available has become available; or (3) reconsideration is necessary to correct a clear error of law or fact or prevent a manifest injustice." *United States v. Thompson*, No. 14-153, 2017 WL 6325818, at *5 (E.D. La. Dec. 11, 2017) (Morgan, J.), *aff'd sub nom. United States v. Williams*, 774 F. App'x 871 (5th Cir. 2019); *United States v. Staggers*, No. 16-36, 2018 WL 4909912, at *8 (E.D. La. Oct. 10, 2018) (Lemmon, J.).

 "A court may deny a motion for reconsideration if the moving party does not present any new information or there are no 'new circumstances material to the court's determination.'" *Barton*, 2020 WL 32441, at *2 (quoting *United States v. Stanford*, 367 F. App'x 507, 509 (5th Cir. 2010)). "A motion to reconsider should not be used to revisit issues already addressed or advance arguments that could have been raised earlier." *Id.* (quoting *United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014)); *see also United States v. Kendrick*, No. 16-163, 2023 WL 4174525, at *2 (E.D. La. June 26, 2023) (Milazzo, J.) (stating that a motion to reconsider "is not the

5

proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment" (cleaned up)).

## III.    ANALYSIS

The government acknowledges that "motions to reconsider are not for raising arguments that could and should have been urged earlier."[25] But it maintains that "there is no bar to reconsidering"[26] its new inevitable discovery argument because "this is not a situation where the government withheld its most appropriate argument when opposing [defendant's] motion."[27] It seems to be the government's position that because defendant based his motion to suppress on a theory that the good faith exception did not apply because the warrant violated *Franks*, it was only necessary for the government to defend against that particular theory of suppression, rather than making the inevitable discovery argument it raises now.[28] The Court does not agree.

This Court and others in this circuit have denied motions for reconsideration that simply cast previously available evidence in new light or advance new legal theories that could have been raised initially. *See, e.g.*, *United States v. Mercadel*, No. 02-170, 2002 WL 31040171, at *1 (E.D. La. Sept. 12, 2002) (Barbier, J.), *aff'd*, 75 F. App'x 983 (5th Cir. 2003) (denying the government's motion to reconsider that sought to "remedy" its "insufficient presentation of facts relevant to the concerns the Court

---

[25] R. Doc. No. 69-1, at 4.
[26] *Id.* at 5.
[27] *Id.* at 4.
[28] *See id.* at 5 ("[I]t was unnecessary for the government to address inevitable discovery when arguing the affidavit supported the search.").

had" in granting the motion to suppress); ("The 'concerns the Court had,' which guided its analysis of the motion to suppress, were not esoteric issues impossible for counsel to divine prior to the first hearing, but the obvious: whether the government had met the applicable legal standards to justify entry into the defendant's residence . . . ."); *Barton*, 2020 WL 32441, at *3 (denying the defendant's motion for reconsideration because "she ha[d] not asserted any intervening change in the controlling law that would explain her failure to raise the legal arguments she now presents, nor has she presented any new evidence that may have been previously unavailable"); *United States v. Gaulden*, 21-14, 2022 WL 2294055, at *1 (M.D. La. June 24, 2022) ("[T]he Government simply offers two additional arguments in support of its original *Opposition* [to the defendant's motion to suppress]. But the time to raise those arguments has passed, and the Government could have done so in its *Opposition*, at the three-day hearing, in its post-hearing brief, or in the supplemental post-hearing briefs."). Because the government's motion does just that, the Court will deny the motion for that reason alone. *Barton*, 2020 WL 32441, at *2.

It is of no matter that defendant did not argue in his motion to suppress that the inevitable discovery exception to the exclusionary rule was inapplicable. It was the government's burden in defending against suppression to prove that the inevitable discovery exception applied if it wished to pursue such defense. *United States v. Zavala*, 541 F.3d 562, 581 (5th Cir. 2008) ("Because the Government has not carried its burden, it is not entitled to the benefit of the inevitable discovery exception."); *Mercadel*, 2002 WL 31040171, at *1 ("The government blames its failure

7

to address the applicable standard on the fact that defense counsel did not argue that the exigent circumstances required to enter the defendant's home were lacking. . . . [I]t is the government's burden to identify and satisfy the applicable legal standard, and not the duty of the moving defendant to inform the government of the applicable law . . . ."). The government should have "present[ed] its strongest arguments" against suppression "upon initial consideration of [the] matter." *United States v. Rodgers*, No. 20-358, 2022 WL 889942, at *2 (E.D. Tex. Mar. 25, 2022); *Gaulden*, No. 2022 WL 2294055, at *1 ("[L]itigants are expected to present their strongest case when the matter is first considered."). Put simply, the government's invocation of the inevitable discovery doctrine is too late.

As previously stated, for this reason alone, the Court denies the government's motion for reconsideration. *Barton*, 2020 WL 32441, at *2. Still, the Court notes that it is not convinced that the government's motion would have succeeded had the Court considered it on the merits.

The inevitable discovery doctrine requires the government to demonstrate "by a preponderance of the evidence that (1) there is a reasonable probability that the contested evidence would have been discovered by lawful means in the absence of police misconduct and (2) the Government was actively pursuing a substantial alternate line of investigation at the time of the constitutional violation." *United States v. Jackson*, 596 F.3d 236, 241 (5th Cir. 2010) (citing *United States v. Lamas*, 930 F.2d 1099, 1102 (5th Cir.1991)). The fact that the officers likely had sufficient probable cause to obtain a search warrant for the residence cannot alone establish

that the firearm would have been inevitably discovered. *See United States v. Cherry*, 759 F.2d 1196, 1206 (5th Cir. 1985); *Lamas*, 930 F.2d at 1102 ("[A]vailability of a search warrant [does] not alone establish inevitable discovery." (emphasis omitted)). "Where the Government claims inevitable discovery on the possibility of a search warrant, a court must ask whether the officers had made any effort to obtain the warrant at the time of the illegal search." *United States v. Li*, No. 15-102, 2016 WL 5407874, at *6 (N.D. Miss. Sept. 16, 2016) (cleaned up); *compare Cherry*, 759 F.2d at 1206 (holding that the inevitable discovery doctrine was inapplicable because even though "at the time of the warrantless search the agents could have obtained a warrant" they "had made no effort to do so") *with Lamas*, 930 F.2d at 1103 (finding sufficient for inevitable discovery that "an officer in fact left the house to get a warrant" at the time the defendant had consented to the search of his house).

Although the government contends that facts in the record "demonstrate action directed to obtaining a search warrant" for the residence,[29] there is no evidence that the government took any steps to pursue an alternate search warrant based on additional non-disclosed facts demonstrating probable cause to search the residence for evidence of defendant's criminal possession of the firearm.[30] *See Zavala*, 541 F.3d at 580 ("For the inevitable discovery exception to apply, 'the alternate means of obtaining the evidence must at least be in existence and, at least to some degree, imminent, if yet unrealized.'"); *cf. Jackson*, 596 F.3d at 242 ("In this case, we need not

---

[29] R. Doc. No. 69-1, at 11.
[30] *See generally* R. Doc. No. 64.

address the continuing vitality of the active-pursuit element, as an ongoing grand jury investigation that has already led to an indictment would clearly satisfy it.").

Indeed, the Court found Officer Johnson was reckless precisely because he had reason to question the validity of the search warrant and yet "made 'no effort' to update" the search warrant affidavit with any newly obtained information.[31] The facts tend to undermine, rather than support, the government's position that there is a reasonable probability that the firearm would have been discovered by lawful means because "the officers would have obtained a warrant based on [these alternative] facts . . . had they believed the affidavit they submitted was invalid." *Cf. Jackson*, 596 F.3d at 242 (holding that the evidence obtained pursuant to a later-invalidated state search warrant was admissible under the inevitable discovery doctrine); ("[H]ad [the officers] had reason to question the validity of the state search warrant or had there been no state search warrant, we have little doubt that the officers nonetheless could have secured a search warrant and conducted the search that yielded the disputed evidence.").

However, as explained above, the Court need not explore the applicability of the inevitable discovery doctrine further because the Court independently denies the government's motion for reconsideration for raising a new legal argument that it could and should have raised previously.

## IV. CONCLUSION

For the foregoing reasons,

---

[31] *See id*. at 36 (quoting R. Doc. No. 59, at 69)).

**IT IS ORDERED** that the government's motion[32] for reconsideration is **DENIED**.

New Orleans, Louisiana, December 29, 2025.

LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

---

[32] R. Doc. No. 69.